UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. HARVEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1655 |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants Christopher Corey Rice ("Rice") and Miguel Gomez Carranza's ("Carranza") Motion to Dismiss (Doc. 13), as well as Plaintiffs Michael A. Harvey and Kathy Harvey's response (Doc. 17) and Rice and Carranza's reply (Doc. 20). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants Rice and Carranza's motion should be granted.

I.  Background and Relevant Facts

This is an insurance case. Plaintiffs allege that their home at 1720 Hutchins Street in Houston, Texas, sustained roof, water, content, and wind damage as a result of Hurricane Ike on September 13, 2008. (Doc. 1 at 11.) Plaintiffs had purchased a Texas homeowner's insurance policy (the "Policy") from Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") to cover the subject property. (*Id.*) After the hurricane, Plaintiffs submitted a claim to Liberty Mutual. (*Id.* at 12.) Liberty Mutual hired Defendants Carranza and Rice as adjusters to assess the hurricane damage to Plaintiffs' home. (*Id.*) Plaintiffs alleges that "[a]lthough no Liberty Mutual inspector or adjuster had gotten on the roof to assess the damages, Plaintiffs were

told that any damages to the property would be less than the policy's deductible." (*Id.*) Plaintiffs' claim was denied. (*Id.*)

On March 22, 2010, Plaintiffs filed their Original Petition in the District Court of Harris County, Texas, asserting claims against Defendants Rice and Carranza for fraud, conspiracy to commit fraud, and violations of the Tex. Ins. Code Ann. § 541.060. (Doc. 1 at 16–18.) On May 7, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. 1 at 1.) On March 23, 2011, the Court dismissed Defendant Carranza due to improper joinder. (Doc. 30.) Defendant Rice now moves to be dismissed from the suit. (Doc. 13.)

## II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Nevertheless, Rule 9(b) requires "more than a simple

allegation that a defendant had fraudulent intent." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Adequate scienter requires a plaintiff to "set forth specific facts that support an inference of fraud." *Id.*; *see Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that makes it reasonable to believe that defendant knew that a statement was materially false or misleading.") (emphasis in original); *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990) ("Although Rule 9(b) does not require 'particularity' with respect to the defendants' mental state, the complaint must still afford a basis for believing that plaintiffs could prove scienter"); *cf. Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (requiring plaintiffs who allege fraud "to plead the factual basis which gives rise to a strong inference of fraudulent intent." (internal quotation omitted)).

The Fifth Circuit strictly interprets Rule 9(b) as requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 208 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

III.  Discussion

Defendants Rice moves to be dismissed from the suit for failure to state a claim upon

which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiffs respond that the following paragraph in their Original Petition supports their claims against Defendant Rice for violations of Texas Insurance Code § 541.060, unfair settlement practices, fraud, and conspiracy to commit fraud:

> Liberty Mutual assigned Defendants Carranza and Rice to adjust the claim. Mr. Carranza was assigned to inspect the damages and provide a report and estimate to Liberty Mutual. Mr. Harvey was told they could not cover damages from wind-driven rain. Plaintiffs never received any copies of the estimates. Mr. Harvey later met with another Liberty Mutual adjuster, a Liberty Mutual Supervisor, Christopher Corey Rice, and the owner of American Roofing & Construction, a contractor hired by Plaintiffs to replace the leaking roof. Although no Liberty Mutual inspector or adjuster had gotten on the roof to assess the damages, Plaintiffs were told that any damages to the property would be less than the policy's deductible. Despite the roofing contractor's efforts to point out areas that had been damaged during the hurricane, denial of the claim was affirmed. As a result, Plaintiffs have not received payment or reimbursement for the damages to their property.

(Doc. 1 at 12, ¶17.)

With respect to Defendant Rice, this paragraph alleges only that Plaintiffs met with Rice and a contractor hired by Plaintiffs to replace the leaking roof and "were told that any damages to the property would be less than the policy's deductible." (*Id.*) Plaintiffs petition therefore fails to plead facts supporting the minimum elements of fraud, conspiracy to commit fraud, or violations of Tex. Insurance Code § 541.060. The petition in its entirety fails to allege any particular instance when Rice subjected himself to liability separate and apart from Liberty Mutual.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants Christopher Corey Rice and Miguel Gomez Carranza's Motion to Dismiss (Doc. 13) is **GRANTED**.

Defendant Christopher Corey Rice is **DISMISSED**.

SIGNED at Houston, Texas, this 21st day of July, 2011.

                                                                            _____
                                                                                        MELINDA HARMON
                                                                            UNITED STATES DISTRICT JUDGE